## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| 2BCOM, LLC, <br><br>                 Plaintiff, <br><br>          v. <br><br> WALMART INC., <br><br>                 Defendant. | Case No. 8:22-cv-400 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## PLAINTIFF 2BCOM, LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT
## <u>AND DEMAND FOR JURY TRIAL</u>

Plaintiff 2BCom, LLC ("Plaintiff" or "2BCom") files this Complaint against Defendant Walmart Inc. ("Walmart" or "Defendant") for patent infringement and by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## <u>NATURE OF THE CASE</u>

1.	This is an action for patent infringement arising under the patent laws of the United States, 2BCom holds the rights in U.S. Patent Nos. 6,885,643 ("the '643 patent"), 6,831,444 ("the '444 patent"), 6,928,166 ("the '166 patent"), and 7,127,210 ("the '210 patent") (collectively, the "Patents-in-Suit"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent.  Under 35 U.S.C. § 282(a), the '643 patent, the '444 patent, the '166 patent, and the '210 patent are entitled to a presumption of validity.  2BCom is

suing Defendant for infringing its patents and doing so willfully. 2BCom seeks to recover damages from Defendant, including treble damages for willful infringement, as well as injunctive relief.

2.      2BCom sells and offers for sale the LED Wi-Fi RGB Color Light Bulb and the LED Wi-Fi RGB Color Strip Lights (collectively, "2BCom's Products"). 2BCom's Products are offered for sale on Amazon.com. 2BCom's Products each practice at least the '643 and '166 patents. 2BCom identifies many of its patents, including patents that read upon the 2BCom Products, on its website, at www.2bcomllc.com/patents. 2BCom's Products themselves also provide a link to the webpage identifying 2BCom's patents as well as the patents covered by 2BCom's Products. 2BCom is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

## THE PARTIES

3.      2BCom, LLC is a company, organized and existing under the laws of Delaware, having a place of business at 1603 Orrington Ave, Suite 600, Evanston, Illinois 60201.

4.      Upon information and belief, Defendant Walmart Inc. is a Delaware corporation with principal business offices located at 702 SW 8th St., Bentonville, Arkansas 72716, and may be served with process through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5.      Uponinformation and belief, Defendant manufactures, imports, and/or sells wireless router products listed in Exhibit 9 ("Accused Products").

## JURISDICTION

6.      This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §271. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      The Court has personal jurisdiction over Defendant because Defendant, among other things, conducts business in, and avails itself of the laws of the State of Florida. Upon information and belief, Defendant is registered to do business in the State of Florida and otherwise operates, conducts, engages in, and/or carries on a business or business venture in the State of Florida, namely through its 385 retail stores throughout the state.  In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this District.

## VENUE

8.      Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

9.      Upon information and belief, Defendant has a regular and established place of business in this District, namely Walmart's numerous retail stores throughout the counties of this District. Thus, Defendant resides in this District for the purposes of venue and has committed acts of infringement within this judicial District and does business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 6,885,643

10.     2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

11.     On April 26, 2005, the '643 patent, entitled "Method And Device For Facilitating Efficient Data Transfer Via A Wireless Communication Network," was duly and lawfully issued

based upon an application filed by the inventors, Keiichi Teramoto, Yoshiaki Takabatake, Junko Ami and Kensaku Fujimoto. A true and correct copy of the '643 Patent is attached hereto as Exhibit 1.

12.     2BCom is the assignee and the owner of all right, title and interest in and to the '643 patent and has the right to sue and recover damages for infringement thereof.

13.     Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Middle District of Florida specifically. The Accused Products are available for retail purchase at Defendant's retail locations in the United States and its website at www.walmart.com.

14.     Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 21 of the '643 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '643 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

15.     As a non-limiting example of Defendant's infringement of the '643 patent, set forth in Exhibit 2, is a preliminary claim chart showing Defendant's infringement of exemplary claim 21 of the '643 patent by the ONN tablet.

16.     Defendant has indirectly infringed and continues to infringe at least claim 21 of the '643 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 21 of the '643 patent.

17.     Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.walmart.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.walmart.com.

18.     Defendant has been on notice of the '643 patent and Defendant's respective infringement of the '643 patent, since, at least, September 25, 2020, via letter to Diana Luo, Senior Associate General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '643 patent sent on February 3, 2022 to Diana Luo. Additional allegations of Defendant's pre-suit knowledge of the '643 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

19.     Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '643 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '643 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available

instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

20.     Upon information and belief, Defendant also contributes to infringement of the '643 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '643 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '643 patent. Defendant also contributes to the infringement of the '643 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '643 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '643 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '643 patent.

21.     Defendant's infringement of the '643 patent is without consent of, authority of, or license from 2BCom.

22.     Upon information and belief, Defendant's infringement of the '643 patent is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

23.     As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

24.     Defendant's infringement of the '643 patent has caused irreparable harm (including the loss of market share) to 2BCom, and will continue to do so unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 6,928,166**

25.     2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

26.     On August 9, 2005 the '166 patent, entitled "Radio Communication Device And User Authentication Method For Use Therewith," was duly and lawfully issued based upon an application filed by the inventor Junichi Yoshizawa. A true and correct copy of the '166 Patent is attached hereto as Exhibit 3.

27.     2BCom is the assignee and the owner of all right, title and interest in and to the '166 patent and has the right to sue and recover damages for infringement thereof.

28.     Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Middle District of Florida specifically. The Accused Products are available for retail purchase at Defendant's retail locations in the United States and its website at www.walmart.com.

29.     Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 13 of the '166 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '166 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

30.     As a non-limiting example of Defendant's infringement of the '166 patent, set forth in Exhibit 4, is a preliminary claim chart showing Defendant's infringement of exemplary claim 13 of the '166 patent by the ONN Tablet.

31.     Defendant has indirectly infringed and continues to infringe at least claim 13 of the '166 patent by inducement under 35 U.S.C. § 271(b).  Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 13 of the '166 patent.

32.     Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.walmart.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.walmart.com.

33.     Defendant has been on notice of the '166 patent and Defendant's respective infringement of the '166 patent, since, at least, September 25, 2020, via letter to Diana Luo, Senior Associate General Counsel, notifying the Defendant of infringement of the patent.  The letter was followed up with a claim chart showing infringement of the '166 patent sent on February 3, 2022 to Diana Luo.  Additional allegations of Defendant's pre-suit knowledge of the '166 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

34.     Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '166 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals.  Since at least the notice

provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '166 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

35.     Upon information and belief, Defendant also contributes to infringement of the '166 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '166 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '166 patent. Defendant also contributes to the infringement of the '166 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '166 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '166 patent. Specifically, upon information and belief, Defendant

sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '166 patent

36.     Defendant's infringement of the '166 patent is without consent of, authority of, or license from 2BCom.

37.     Upon information and belief, Defendant's infringement of the '166 patent is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

38.     As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

39.     Defendant's infringement of the '166 patent has caused irreparable harm (including the loss of market share) to 2BCom, and will continue to do so unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 6,831,444

40.     2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

41.     On December 14, 2004 the '444 patent, entitled "External Storage Device, And Remaining Battery Amount Notifying Method In The Same," was duly and lawfully issued based upon an application filed by the inventors Koichi Kobayashi and Kazunari Tanzawa.  A true and correct copy of the '444 Patent is attached hereto as Exhibit 5.

42.     2BCom is the assignee and the owner of all right, title and interest in and to the '444 patent and has the right to sue and recover damages for infringement thereof.

43.     Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Middle District of

Florida specifically. The Accused Products are available for retail purchase at Defendant's retail locations in the United States and its website at www.walmart.com.

44.     Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '444 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '444 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

45.     As a non-limiting example of Defendant's infringement of the '444 patent, set forth in Exhibit 6, is a preliminary claim chart showing Defendant's infringement of exemplary claim 1 of the '444 patent by the ONN Tablet.

46.     Defendant has indirectly infringed and continues to infringe at least claim 1 of the '444 patent by inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '444 patent.

47.     Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.walmart.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.walmart.com.

48.     Defendant has been on notice of the '444 patent and Defendant's respective infringement of the '444 patent, since, at least, September 25, 2020, via letter to Diana Luo, Senior Associate General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '444 patent sent on February 3, 2022 to Diana Luo. Additional allegations of Defendant's pre-suit knowledge of the '444 patent and

11

willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

49.     Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '444 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals.  Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '444 patent.  Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

50.     Upon information and belief, Defendant also contributes to infringement of the '444 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '444 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement

of the '444 patent. Defendant also contributes to the infringement of the '444 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '444 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '444 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '444 patent.

51.     Defendant's infringement of the '444 patent is without consent of, authority of, or license from 2BCom.

52.     Upon information and belief, Defendant's infringement of the '444 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

53.     As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

## INFRINGEMENT OF U.S. PATENT NO. 7,127,210

54.     2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

55.     On October 24, 2006 the '210 patent, entitled "Wireless Communication Apparatus," was duly and lawfully issued based upon an application filed by the inventor Kazunori Aoyagi.  A true and correct copy of the '210 Patent is attached hereto as Exhibit 7.

56.     2BCom is the assignee and the owner of all right, title and interest in and to the '210 patent and has the right to sue and recover damages for infringement thereof.

57.     Upon information and belief, Defendant has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Middle District of Florida specifically.  The Accused Products are available for retail purchase at Defendant's retail locations in the United States and its website at www.walmart.com.

58.     Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '210 patent, Defendant has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '210 patent and is thus liable to 2BCom pursuant to 35 U.S.C. § 271.

59.     As a non-limiting example of Defendant's infringement of the '477 patent, set forth in Exhibit 8, is a preliminary claim chart showing Defendant's infringement of exemplary claim 1 of the '210 patent by the ONN Bluetooth Speaker.

60.     Defendant has indirectly infringed and continues to infringe at least claim 1 of the '210 patent by inducement under 35 U.S.C. § 271(b).  Defendant has induced and continues to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '210 patent.

61.     Upon information and belief, Defendant knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., https://www.walmart.com) and/or providing customers with support, instructions and/or manuals for using the Accused Products through websites such as https://www.walmart.com.

62.     Defendant has been on notice of the '210 patent and Defendant's respective infringement of the '210 patent, since, at least, September 25, 2020, via letter to Diana Luo, Senior

Associate General Counsel, notifying the Defendant of infringement of the patent. The letter was followed up with a claim chart showing infringement of the '210 patent sent on February 3, 2022 to Diana Luo. Additional allegations of Defendant's pre-suit knowledge of the '210 patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

63.     Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '210 patent by testing and/or operating the Accused Products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '210 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the Accused Products, creating established distribution channels for the Accused Products into and within the United States, selling the Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the Accused Products, to purchasers and prospective buyers, and/or providing technical support, software and firmware updates, or services for the Accused Products to these purchasers in the United States.

64.     Upon information and belief, Defendant also contributes to infringement of the '210 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the Accused Products and the non-staple

constituent parts of those Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '210 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '210 patent. Defendant also contributes to the infringement of the '210 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the Accused Products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '210 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '210 patent. Specifically, upon information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '210 patent.

65.     Defendant's infringement of the '210 patent is without consent of, authority of, or license from 2BCom.

66.     Upon information and belief, Defendant's infringement of the '210 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

67.     As a result of Defendant's acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, 2BCom requests this Court enter judgment as follows:

A.     That the '643 patent, the '444 patent, the '166 patent, and the '210 patent are valid and enforceable;

B.      That Defendant has directly and indirectly infringed at least claim 21 of the '643 patent, claim 1 of the '444 patent, claim 13 of the '166 patent, and claim 1 of the '210 patent.

C.      That such infringement is willful;

D.      That Defendant account for and pay to 2BCom all damages pursuant to 35 U.S.C. § 284 to adequately compensate 2BCom for Defendant's infringement of the '643 patent, the '444 patent, the '166 patent, and the '210 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the '643 patent, the '444 patent, the '166 patent, and the '210 patent;

E.      That 2BCom receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F.      That an injunction be entered enjoining Defendant, its officers, agents, servants, employees and attorneys, and other persons in active concert with Defendant, and its parents, subsidiaries, divisions, successors and assigns, from further infringement of the Patents-in-Suit, and at least the '643 and '166 patents.

G.      That this is an exceptional case under 35 U.S.C. § 285;

H.      That Defendant pay 2BCom all of 2BCom's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

I.      That 2BCom be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '643 patent, the '444 patent, the '166 patent, and the '210 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

J.      That costs be awarded in accordance with 35 U.S.C. § 284 to 2BCom; and

K.	That 2BCom be granted such other and further relief as the Court may

deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

2BCom hereby demands a trial by jury on all issues so triable in this action.

Dated:  February 17, 2022

By: /s/ Zoe Bernstein
  Zoe Bernstein

  *zoe@zoebernsteinlaw.com*
  Zoe Bernstein Law PLLC
  2255 Glades Road, Suite 324A
  Boca Raton, Florida 33431

  Attorneys for *Plaintiff* 2BCOM, LLC.